# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DISNEY ENTERPRISES, INC.,**
                                **Plaintiff,**

**-vs-**                                                    **Case No.  6:04-cv-1565-Orl-18JGG**

**FUNTIME GETAWAY, INC., d/b/a**
**A1 Travel Reservations, a/k/a**
**a1travelreservations, a/k/a**
**funtimegetaway.com,**
**ROBERT WALDORF, a/k/a Robert**
**Waldon, DEBROAH WALDORF,**
**TODD WALDORF,**
**FLORIDA TRAVEL ESCAPES, INC.,**
**TODD HIGGINS,**
**EDITH HUGGINS,**
**JACK HUGGINS,**
**CELEBRATION VACATION, INC., d/b/a**
**celebrationvacation.com,**
**DAVID R. BREEDEN,**
                                **Defendants.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S EMERGENCY MOTION FOR INTERIM ORDER FREEZING ASSETS (Doc. No. 92)** |
| **FILED:** | **January 5, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Disney Enterprises, Inc. ["Disney"] originally sought to hold Funtime Getaway, Inc.

["Funtime"] and Robert Waldorf ["Waldorf"] liable for trademark and copyright infringement.

Docket No. 1.  On October 31, 2005, Disney and Funtime jointly stipulated to the entry of a permanent injunction against Funtime, and Waldorf signed the Stipulated Permanent Injunction and Final Order as President of Funtime.  Docket No. 61.  On the same day, the Honorable G. Kendall Sharp entered a permanent injunction in this action against Funtime, including its officers and agents.  Docket No. 62.  Disney subsequently filed a notice of dismissal of its suit against Waldorf.  Docket No. 67.  Judge Sharp entered an order dismissing the case without prejudice as to Waldorf and directed the Clerk to close the case.  Docket No. 68.

Disney now alleges that Funtime and Waldorf have violated Judge Sharp's permanent injunction.  *See* Docket No. 69.  On November 8, 2006, the Court ordered Funtime and Waldorf to show cause at a hearing on January 31, 2007 why they should not be held in violation of Judge Sharp's permanent injunction and why damages and attorney's fees should not be awarded to Disney.  Docket No. 83 at 5.  The Court further ordered Disney to file and serve an accounting of damages and fees sought as a result of the alleged violations.  Docket No. 91.

On January 5, 2007, Disney filed its accounting in which it asks the Court to award Disney damages in the amount of $413,889, plus $20,605 in attorney's fees and costs.  Docket No. 92 at 16. In its accounting, Disney also includes an "emergency motion"[1] for "an immediate asset freeze on Funtime and Waldorf" through January 31, 2007, the date of the show cause hearing.  *Id.* at 1-2. Disney explains that while Waldorf did produce some financial records, Waldorf gave inconsistent and allegedly false testimony at a recent deposition, and that he has been dilatory in producing

---

[1] Disney also captioned its accounting as an "Emergency Motion for Interim Order Freezing Assets."  Docket No. 92 at 1.

complete financial records. *Id.* at 2-9. According to Disney, these actions show that Waldorf will attempt to hide assets prior to the show cause hearing. *Id.* at 15.

Disney's emergency motion is inadequate both procedurally and on the merits. Disney asks that the Court freeze assets in accordance a proposed order delineating the terms and conditions of its request, but its proposed order is incomplete. *See* Docket No. 92-22. In addition, Disney's motion is premature. The show cause hearing is scheduled for January 31, 2007, and the Court has yet to decide the merits of Disney's allegations and the order to show cause. Disney's claims that Waldorf provided inconsistent testimony and incomplete financial records are insufficient to demonstrate why the asset freeze is necessary prior to the hearing and prior to a decision on the merits.

Accordingly, it is **ORDERED** that Disney's Emergency Motion for Interim Order Freezing Assets [Docket No. 92] is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 5, 2007.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE
(Signed in Judge Glazebrook's absence due to
the asserted emergency nature of the motion)

Copies furnished to:

Counsel of Record
Unrepresented Parties